**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TALL SHIP ADVENTURES OF CHICAGO, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| THE S/V WINDY, her engines, tackle, appurtenances, etc., *in rem*, and SCOTT STAWSKI and HOPE STAWSKI, *in personam*, | ) ) ) ) ) | **In Admiralty** |
| Defendants. | ) ) | |

**VERIFIED COMPLAINT FOR**
**FORECLOSURE AND SEIZURE OF VESSEL**

Plaintiff Tall Ship Adventures of Chicago, Inc. ("plaintiff"), by its undersigned attorneys, states its Verified Complaint for Foreclosure and Seizure of Vessel against defendants S/V WINDY, her engines, tackle, appurtenances, etc., *in rem*, and SCOTT STAWSKI and HOPE STAWSKI, *in personam*, as follows:

**JURISDICTION AND VENUE**

1.     This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1333(1).

2.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.     Venue is proper in this judicial district because the *res* of this *in rem* proceeding, the sailing vessel WINDY, has been and is presently berthed at Navy Pier in Chicago, within this judicial district, and is subject to the jurisdiction of this Court.  Venue also is appropriate pursuant to 28 U.S.C. § 1331(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and because the *in personam* defendants SCOTT STAWSKI

and HOPE STAWSKI consented to the personal jurisdiction of this Court in documents identified and incorporated below.

## PARTIES

4.      Plaintiff Tall Ship Adventures of Chicago, Inc. ("plaintiff"), is a duly licensed Illinois corporation.

5.      The S/V WINDY is a 1996-built 148-foot four-masted Gaff Top Sail Schooner, Official/Hull Number IL2AO207G818, and U.S.C.G. Documentation No. 1030835 (hereinafter "S/V WINDY"), documented under the laws of the United States with the National Vessel Documentation Center, and owned by an Illinois corporation, Windy of Chicago, Ltd.,

6.      Scott Stawski is an individual who on information and belief resides in Texas or the U.S. Virgin Islands.

7.      Hope Stawski is an individual who on information and belief resides in Texas or the U.S. Virgin Islands.

## FACTS

8.      On January 12, 2022, Scott and Hope Stawski, individually, each executed a certain Personal Guaranty Agreement (the "Guaranty") of a loan evidenced by a Secured Promissory Note dated April 15, 2022 in the principal sum of $1,200,000 (One Million Two Hundred Thousand Dollars) to plaintiff (the "Note") for, among other things, the purpose of purchasing the S/V WINDY from plaintiff, granting a security interest in the S/V WINDY.  A true and correct copy of the Guaranty is attached hereto and incorporated herein as Exhibit A.  A true and correct copy of the Note is attached hereto and incorporated herein as Exhibit B.

9.      In Section 20 of the Guaranty (Exhibit A), Scott and Hope Stawski consented to the exclusive jurisdiction of the state and federal courts in Cook County, Illinois for "any controversy arising under, out of, or relating to, this Guaranty . . . or to any transactions in connection herewith."

Scott and Hope Stawski also consented to the exclusive jurisdiction of the state and federal courts in Cook County, Illinois in Section 8 of the Note.

10.     On or about April 15, 2022, Windy of Chicago, Ltd., executed a Preferred Ship Mortgage to plaintiff securing the Note for purchase of the S/V WINDY.   On July 25, 2023, Scott Stawski, as Treasurer of Windy of Chicago, Ltd., and Hope Stawski, as President of Windy of Chicago, Ltd., executed on behalf of Windy of Chicago, Ltd., a Confirmation and First Amendment of Preferred Ship Mortgage, a true and correct copy of which is attached hereto and incorporated herein as Exhibit C.

11.     The Confirmation and First Amendment of Preferred Ship Mortgage ("First Amendment of PSM") was duly recorded at the United States Coast Guard, National Vessel Documentation Center, on or about August 21, 2023 as Batch No. 121878000, with Document ID 1030835.  *See* Exhibit C.

12.     Plaintiff has performed all conditions required of it under the terms of the parties' agreements and all prerequisites for the maintenance of this action have been complied with or performed.

## COUNT I
## ADMIRALTY RULE C ARREST

13.     Plaintiff realleges paragraph 1 through 12 as though fully set forth herein.

14.     Windy of Chicago, Ltd., has defaulted under the terms of the Note by failing to make timely installment payments.

15.     There is due and unpaid on the Note the principal sum of NINE HUNDRED THIRTY THREE THOUSAND NINE HUNDRED THIRTY SIX DOLLARS AND 2/100 ($933,936.02), plus the sum of FORTY SIX THOUSAND SIX HUNDRED NINETY SIX DOLLARS AND 80/100 ($46,696.80) in unpaid accrued interest through November 18, 2024,

which interest continues to accrue at the rate of $27.45 per diem.  There also is due and owing the sum of FOUR HUNDRED EIGHTY FOUR DOLLARS AND 90/100 ($484.90) in late fees.

16.     On March 15, 2024, plaintiff sent Windy of Chicago, Ltd. a notice of default, a true and correct copy of which is attached hereto and incorporated herein as Exhibit D.

17.     Windy of Chicago, Ltd. did not cure its default and owes plaintiff the sums listed in paragraph 15, *supra*, plus costs and attorneys' fees as provided for under the parties' agreements and applicable law.

18.     By reason of the default, plaintiff has, pursuant to the provisions of the  First Amendment of PSM and 46 U.S.C. § 31325(b)(l) and (b)(2)(A), and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, elected to enforce the First Amendment of PSM lien in this civil action *in rem,* against the S/V WINDY, to foreclose on said First Amendment of PSM and to seize, arrest and sell the S/V WINDY to partially satisfy the indebtedness owed under First Amendment of PSM.

**WHEREFORE**, for the foregoing reasons, plaintiff Tall Ship Adventures of Chicago, Inc., respectfully requests the following relief:

A.     That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction issue against  defendant S/V WINDY, and that all persons claiming an interest in the S/V WINDY be cited to appear and answer the Complaint;

B.     That the S/V WINDY be seized, arrested, condemned and sold to pay the claims of plaintiff under the First Amendment of PSM, with interest, costs and attorney's fees and such expenses as may be incurred for custodians and moving, storing, and safekeeping of the S/V WINDY;

C.     That plaintiff's claims be declared to be a valid and subsisting preferred maritime lien upon the S/V WINDY;

D.     That this Court enter judgment against the  S/V WINDY, *in rem,* in the amount proven at trial plus interest, collection and recovery costs, force-placed

insurance premiums, attorneys' fees to date of judgment as provided for by law, statute or rule and in the First Amendment of PSM and the Note secured thereby, and such other amounts as may become due and owing, and further that plaintiff be entitled to proceed against Scott Stawski and Hope Stawski *in personam* for any deficiency that may remain due and owing after applying the available proceeds of the sale of the S/V WINDY to the outstanding indebtedness; and

E.   That the plaintiff may have such other and further relief as may be deemed just by this Court.

## COUNT II
## ACTION ON THE PERSONAL GUARANTEES

19.   Plaintiff realleges paragraph 1 through 18 as though fully set forth herein.

20.   Pursuant to the Guaranty, Scott Stawski and Hope Stawski each "absolutely and unconditionally, jointly and severally guarantees to [plaintiff] … the payment of any and all indebtedness arising from or related to," *inter alia,* the purchase of the S/V WINDY. Exhibit A, Section 1.

21.   Scott Stawski and Hope Stawski are each personally liable for any deficiency that may remain due and owing after applying the available proceeds of the sale of the S/V WINDY to the indebtedness pursuant to the Guaranty.  Exhibit A, Sections 2 & 11(a)—(b).

22.   Scott Stawski and Hope Stawski are each personally liable for enforcement costs and attorneys' fees pursuant to the Guaranty, Exhibit A, Section 4, and the Note, Exhibit B, Section 3.

**WHEREFORE**, for the foregoing reasons, plaintiff Tall Ship Adventures of Chicago, Inc., respectfully requests the following relief:

A.   That judgment be entered against Scott Stawski and Hope Stawski, jointly and severally, for any deficiency in the indebtedness following sale of the S/V WINDY, and for collection and recovery costs, force-placed insurance premiums, attorneys' fees to date of judgment as provided for by law, statute or rule and in the First Amendment of PSM and the Note secured thereby, and such other amounts as may become due and owing as shown at trial.

5

B.     That the plaintiff may have such other and further relief as may be deemed just by this Court.

Respectfully submitted,

TALL SHIP ADVENTURES OF CHICAGO, INC.

By:   /s/ Paul J. Kozacky_____
    One of its attorneys

Paul J. Kozacky (pkozacky@kwmlawyers.com)
Sean Knoll (sknoll@kwmlawyers.com)
KOZACKY WEITZEL MCGRATH, P.C.
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Tel: (312) 696-0900

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746(1), Captain Bruce L. Randall declares under penalty of perjury that he is the Secretary of Tall Ship Adventures of Chicago, Inc., the plaintiff herein, that he is familiar with the plaintiff's operations, that he has read the foregoing Verified Complaint, knows the contents thereof to be true and correct, except as to allegations stated on information and belief which the undersigned verily believes to be true and correct.

Signed by:

*Bruce Randall*
6701908D99CB4D1...

Captain Bruce L. Randall
December 10, 2024 | 1:35 PM PST